R OB B ONTA
Attorney General of California
R. L AWRENCE B RAGG
Supervising Deputy Attorney General
J USTIN T. B ULLER
Deputy Attorney General
State Bar No. 325265
 1300 I Street
 Sacramento, CA 95814
 Office: (916) 210-7909
 E-mail:  Justin.Buller@doj.ca.gov
*Attorneys for Defendant
J. Gofferman*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **BRIAN KEITH WEARREN,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSEPH A. GOFFERMAN, et al.,**<br><br>Defendants. | 2:18-cv-09637-JGB-JPR<br><br>**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>Judge: Hon. Jesus G. Bernal<br>Action Filed: November 15, 2018 |

## INTRODUCTION

Defendant Officer Gofferman ("Gofferman") respectfully submits the following objections to the Report and Recommendations of the United States Magistrate Judge (R&R, ECF No. 129).

Defendant moves for summary judgment on Plaintiff Brian Wearren's ("Plaintiff") remaining claims for retaliation and deliberate indifference. Plaintiff was a prison inmate who claims Gofferman violated the First and Eighth Amendments by accusing Plaintiff of authoring a kite.

For Plaintiff's First Amendment claim for retaliation by transferring to a less desirable dorm, Plaintiff does not create a genuine dispute to the material facts that

establish there was legitimate correctional goal. It is undisputed that Plaintiff raised his voice and got into a heated discussion with Gofferman, and Plaintiff got so upset in the Dorm 4 office he needed to be handcuffed and escorted out. Such behavior is clear grounds for transferring Plaintiff out of Dorm 4 and advanced the goal of preserving the peace and order in the prison.

For Plaintiff's Eighth Amendment claim for deliberate indifference, Plaintiff does not create a genuine dispute as to the material facts that establish Gofferman knew of, and disregarded, an excessive risk to the prisoner's safety. Gofferman's testimony in conjunction with Charles Landry's deposition testimony and the declaration of William Portillo, show that Gofferman believed that no excessive risk to Plaintiff's safety was created by having a private conversation with Portillo about the kite and by continuing the conversation in the Dorm 4 office in front of Charles Landry. Even if Gofferman's subjective belief was erroneous, it does not establish a personal knowledge of an excessive risk to the prisoner's safety.

Therefore, the Court should grant summary judgment on Plaintiff's First Amendment claim for retaliation and Eighth Amendment claim for deliberate indifference against Defendant Gofferman.

## OBJECTIONS

### I.   STANDARD OF REVIEW.

Under Title 28, United States Code, section 636(b)(1)(B), and Local Rule 7-18, Defendant Goffferman objects to the Findings and Recommendations of the Magistrate Judge filed December 8, 2023, and requests reconsideration of the Magistrate Judge's findings and recommendations. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. §636(b)(1)(B)

///

///

## II. PLAINTIFF'S FIRST AMENDMENT CLAIM FOR TRANSFERRING TO A LESS DESIRABLE DORM FAILS AS PLAINTIFF DOES NOT RAISE A GENUINE ISSUE OF MATERIAL FACT.

The R&R states that, "Defendant hasn't shown the absence of a genuine issue of material fact as required for summary judgment on Plaintiff's First Amendment claim." (R&R at 21:12-14). Defendant disagrees.

To demonstrate a genuine dispute, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Here, Plaintiff fails to show that a person of ordinary firmness would have been silenced by Gofferman's actions, and also fails to carry his burden of "pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Plaintiff fails to allege that Gofferman's decision to transfer Plaintiff to another housing unit did not advance legitimate goals of the correctional institution. Gofferman's legitimate belief that Plaintiff wrote a note, which Plaintiff admits looks like it was his handwriting, related to a situation in the dorm that potentially placed Plaintiff's safety in jeopardy in the dorm in which he wrote the note. (Separate Statement of Undisputed Facts, "SSUF", 8, 10, 11.) *See Frost v. Wilcox,* No. 17-cv-07228 YGR, 2020 U.S. Dist. LEXIS 50895 at * 38-40 (N.D. Cal., March 23, 2020.) (transferring inmate advances legitimate penological goal of ensuring safety and security of inmates).

Further, Plaintiff fails to show that a person of ordinary firmness would have been silenced by Gofferman's actions. Plaintiff was not placed in a solidary housing unit, but rather was placed in another dorm that housed more inmates, and which had the same privileges as Dorm 4. Plaintiff was not deprived of any privilege other

than sleeping in a different dorm with identical accommodations besides the number of inmates housed which would not have caused a person of ordinary firmness to refrain from filing a grievance nor did it actually prevent Plaintiff from filing his grievance. Plaintiff states that, "Dorm 9 was considerably smaller than Dorm 4 dimension wise, yet housed double the inmates. Dorm 4 an inmate received two phone calls a day, Dorm 9 one phone call every 6-7 days. Shower and T.V. access was limited due to the amount of inmates housed in the dorm…" (Opposition to Motion for Summary Judgment, "Opposition", at 11.) Dorm 9 did not have poor ventilation or plumbing and the facilities were nearly identical with Dorm 4 other than the number of inmates housed. Plaintiff was not transferred to a "punishment cell," but rather was in an open space dorm with no cells just like Dorm 4. Plaintiff refers to limited shower and television access due to the number of inmates housed but does not allege that he actually suffered any restriction in privileges. Therefore, the only stated poorer living conditions of Dorm 9 do not rise to the level that would have chilled one's exercising of First Amendment rights and constitute minimal harm which is not actionable. Rather, these are only minor changes to the Plaintiff's program which have been held to constitute minimal harm which is not actionable. *See Johnson v. Feist,* No. 2:19-cv-01285 ODW-JDE, 2020 U.S. Dist. LEXIS 193091 *21-22 (C.D. Cal., Sept. 8, 2020) (being ordered to leave the prison kitchen and return to inmate's cell on one occasion cell constitutes a minimal harm which fails to state a First Amendment claim); *Miller v. Sanchez,* No. CV 20-06-GW, 2020 WL 528010 *6 (C.D. Cal. Feb, 3, 2020) (assignment to a job which conflicted with law library access for a single day is de minimus and does not rise to the level of an adverse action that would deter a prison of ordinary firmness from further First Amendment activities); *Soriano v. Naranjo,* No. 1:09-cv-985, 2011 WL 1827637 *4 (E.D. Cal., Sept. 19, 2011) (taking away a single meal on occasion would not cause a person to refrain from exercising their

///

constitutional rights). Therefore, Gofferman is entitled to summary judgment on the First Amendment retaliation claim.

### III. PLAINTIFF'S EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM FAILS AS PLAINTIFF DOES NOT RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING GOFFERMAN'S SUBJECTIVE AWARENESS.

In order to be liable for deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 844-45; *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020) (*Accord Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013). If a defendant should have been aware of the risk of substantial harm but was not, that defendant has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Further, Plaintiff cannot show that Gofferman created an "an excessive risk" to Plaintiff's safety by accusing Plaintiff of authoring the note in the Dorm 4 office. For an inmate to bring a valid § 1983 claim against a prison official for a violation of the Eighth Amendment, he must "objectively show that he was deprived of something "sufficiently serious' [and] make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009).

Here, it is undisputed that Portillo, not Gofferman, was the individual who first announced to the inmates in Dorm 4 about the kite that Gofferman found in the mailbox that Gofferman told Portillo about privately and that Gofferman was attempting to determine who wrote the kite. (SSUF 7.) Further, Portillo made this announcement to the other inmates after Plaintiff was the only individual who had a notebook confiscated allowing other inmates to draw the conclusion the Plaintiff was the suspected author of the note. (SSUF 7.) Gofferman declares that at the time he told Portillo about the note and that he was going to investigate who the author"

///

he did not believe Portillo was going to alert the other inmates to their private conversation. (SSUF 5.)

The R&R states, "Portillo could only have made his announcement after Defendant placed Plaintiff at risk by sharing confidential investigative information with him, and Defendant's mere confiscation of the notebook by itself would not have alerted other prisoners that a "snitch kite" even existed." (R&R at 14:17-21).

However, Gofferman's belief that Portillo would not seek to cause tension in the Dorm in which he was the Men's Advisory Representative, even if erroneous, demonstrates a lack of subjective knowledge that Plaintiff was at a substantial risk of harm. See Farmer, 511 U.S. at 837. There is no evidence presented that demonstrates that Gofferman's intent was anything other than to informally investigate the matter and not to be deliberately indifferent to Plaintiff's safety. There is no evidence of targeting Plaintiff in this instance or any evidence of any feud between Gofferman and Plaintiff prior to this incident. Plaintiff's notebook was confiscated and he became the target of the informal investigation for the fact that the handwriting of the kite looked identical to the Plaintiff, which remains undisputed.

To the extent that Plaintiff argues that Gofferman should have known that other inmates would learn of the accusation, this does not establish deliberate indifference because Gofferman did not actually draw this inference. Gibson, 290 F.3d at 1188 (if a defendant should have been aware of the risk of substantial harm but was not, that defendant has not violated the Eighth Amendment, no matter how severe the risk).

Next, Plaintiff asserts that Gofferman's belief that Landry's presence during the conversation with Plaintiff in the Dorm 4 office did not create a substantial risk of harm is "a preposterous assertion and unbelievable."(Opposition at 17.) In his opposition, Plaintiff continues by citing to statistics about homicide and assault rates for black males in an effort to demonstrate the risk of "black-on-black crime".

1  (*Id.*) However, Gofferman's subjective belief that Landry being present during the
2  conversation did not present a threat was reasonable and further proven by the
3  actions of Landry after he heard the conversation between Gofferman and Plaintiff
4  in the Dorm 4 office.

5  According to Landry's sworn testimony, upon hearing the accusation of
6  Plaintiff, Landry did everything he could to ensure that no harm would fall to
7  Plaintiff. (Defendant's Reply Brief, Ex. A, Landry Deposition Transcript "Landry
8  Depo." at 54:1-20; 55:1-12; and 60:1-22.) Landry went around to the Hispanic
9  inmates, and even the subject of the note, and assured them that Plaintiff did not
10 author the note as Landry could confirm Plaintiff was not present for the fight or
11 dispute the kite reported. (.) Therefore, despite general statistics cited by Plaintiff in
12 an effort to show Gofferman's belief that Landry and Plaintiff were friendly was
13 unreasonable, the undisputed facts supported by sworn testimony prove that Landry
14 did not present a threat.

15 Therefore, Plaintiff does not create a genuine dispute as to Gofferman's
16 subjective knowledge of an excessive risk to prisoner safety and the court should
17 grant summary judgment in Defendant's favor.
18 ///
19 ///
20 ///

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment on Plaintiff's First Amendment claim for retaliation and Eighth Amendment claim for deliberate indifference against Defendant Gofferman.

Dated: December 26, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General

*s/Justin Buller*
JUSTIN BULLER
Deputy Attorney General
*Attorneys for Defendant*
*J. Gofferman*

LA2019501167
37757427.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Brian Keith Wearren v. J. Gofferman, et al.** | No. | **2:18-cv-09637-JGB-JPR** |

I hereby certify that on <u>December 26, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 26, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Brian Keith Wearren
1501 Island Ave., Apt. 1206
San Diego, CA 92101
*Plaintiff In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 26, 2023</u>, at Sacramento, California.

| | |
|---|---|
| Bryn Barton | *s/ Bryn Barton* |
| Declarant | Signature |

LA2019501167
37757471.docx